FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ SEP 29 2005 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Mohammad Homayun MAIWAND,

               Plaintiff-Petitioner,

   Against

John ASHCROFT, Attorney General;
Tom RIDGE, Department of Homeland Security;
Michael GARCIA, Director, United States
Immigration and Customs Enforcement;
Edward J. McELROY, Field Director, United
States Immigration and Customs Enforcement,
New York District; DEPARTMENT OF
HOMELAND SECURITY, and UNITED
STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT,

               Defendants-Respondents

-------------------------------------------------------------X

|  |
|---|
| MEMORANDUM,<br>JUDGMENT AND ORDER<br>CV-04-3185 |

APPEARANCES:

For the Plaintiff-Petitioner:

Michael P. DiRaimondo
DiRaimondo & Masi, LLP
401 Broadhollow Road, Suite 302
Melville, New York 11747

For the Defendants-Respondents:

Roslynn R. Mauskopf
United States Attorney
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201

JACK B. WEINSTEIN, Senior District Judge:

-1-



TABLE OF CONTENTS

I. Introduction.................................................................................................. 2
II. Facts and Procedural History...................................................................... 5
III. Law......................................................................................................... 4
        A. Jurisdiction................................................................................... 4
        B. REAL ID Act................................................................................ 5
                1. Jurisdictional Bar of Habeas Review of Orders of Removal and
                  Transfer............................................................................. 5
                2. Application of Jurisdictional Bar to Habeas Review of Other
                  Claims.............................................................................. 6
        C. Suspension Clause......................................................................... 7
                1. Repeal of Habeas Jurisdiction........................................... 7
                2. Retroactive Effect........................................................... 10
IV. Application of the Law to the Facts........................................................... 11
        A. Jurisdiction................................................................................. 11
        B. REAL ID Act.............................................................................. 11
                1. Jurisdictional Bar of Habeas Review of Orders of Removal and
                  Transfer........................................................................... 12
                2. Application of Jurisdictional Bar to Habeas Review of Other
                  Claims.............................................................................. 16
        C. Suspension Clause....................................................................... 16
                1. Repeal of Habeas Jurisdiction........................................... 16
                2. Retroactive Effect........................................................... 17
V. Conclusion.............................................................................................. 18

I.     *Introduction*

      The issue presented by this case is whether section 106(c) of the "REAL ID Act"

of 2005, Pub. L. No. 109-13, 119 Stat. 231, 311—which mandates that a district court

transfer a "pending" habeas petition challenging an order of removal to a federal court of

appeals—applies to habeas petitions in which an order to show cause has already been

granted. Petitioner Mohammad Homayun Maiwand ("petitioner" or "Mr. Maiwand")

opposes transfer of his habeas petition to the Court of Appeals for the Second Circuit.

First, he submits that the term "pending" in section 106(c) does not apply to his petition

because an order to show cause has already been granted. Second, he argues that

FILED

IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ SEP 29 2005 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Mohammad Homayun MAIWAND,

                 Plaintiff-Petitioner,

    Against

John ASHCROFT, Attorney General;
Tom RIDGE, Department of Homeland Security;
Michael GARCIA, Director, United States
Immigration and Customs Enforcement;
Edward J. McELROY, Field Director, United
States Immigration and Customs Enforcement,
New York District; DEPARTMENT OF
HOMELAND SECURITY, and UNITED
STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                 Defendants-Respondents
------------------------------------------------------------X

MEMORANDUM,
JUDGMENT AND ORDER
CV-04-3185

APPEARANCES:

For the Plaintiff-Petitioner:

Michael P. DiRaimondo
DiRaimondo & Masi, LLP
401 Broadhollow Road, Suite 302
Melville, New York 11747

For the Defendants-Respondents:

Roslynn R. Mauskopf
United States Attorney
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201

JACK B. WEINSTEIN, Senior District Judge:

-1-



TABLE OF CONTENTS

I. Introduction.................................................................................................. 2
II. Facts and Procedural History..................................................................... 5
III. Law............................................................................................................. 4
    A. Jurisdiction......................................................................................... 4
    B. REAL ID Act....................................................................................... 5
        1. Jurisdictional Bar of Habeas Review of Orders of Removal and
        Transfer........................................................................................... 5
        2. Application of Jurisdictional Bar to Habeas Review of Other
        Claims.............................................................................................. 6
    C. Suspension Clause............................................................................. 7
        1. Repeal of Habeas Jurisdiction.................................................... 7
        2. Retroactive Effect....................................................................... 10
IV. Application of the Law to the Facts......................................................... 11
    A. Jurisdiction....................................................................................... 11
    B. REAL ID Act..................................................................................... 11
        1. Jurisdictional Bar of Habeas Review of Orders of Removal and
        Transfer......................................................................................... 12
        2. Application of Jurisdictional Bar to Habeas Review of Other
        Claims............................................................................................ 16
    C. Suspension Clause........................................................................... 16
        1. Repeal of Habeas Jurisdiction.................................................. 16
        2. Retroactive Effect....................................................................... 17
V. Conclusion................................................................................................. 18

I.     *Introduction*

       The issue presented by this case is whether section 106(c) of the "REAL ID Act"

of 2005, Pub. L. No. 109-13, 119 Stat. 231, 311—which mandates that a district court

transfer a "pending" habeas petition challenging an order of removal to a federal court of

appeals—applies to habeas petitions in which an order to show cause has already been

granted.  Petitioner Mohammad Homayun Maiwand ("petitioner" or "Mr. Maiwand")

opposes transfer of his habeas petition to the Court of Appeals for the Second Circuit.

First, he submits that the term "pending" in section 106(c) does not apply to his petition

because an order to show cause has already been granted.  Second, he argues that

construing the statute to mandate the transfer of pending habeas petitions in which an

order to show cause has already been issued would violate the Suspension Clause of the

United States Constitution.

Petitioner's arguments are not persuasive. Respondents' motion to transfer this

pending case to the Court of Appeals for the Second Circuit is granted. This action is

taken with regret since it represents the beginning of a large shift of *nisi prius* matters to

the already overburdened courts of appeals. That the change will enhance the goal of the

federal courts and Congress expressed in Rule 1 of the Federal Rules of Civil Procedure,

"to serve the just, speedy, and inexpensive determination of every action," is doubtful.

That it represents a congressional program is not.

II.    *Facts and Procedural History*

Mr. Maiwand is a citizen and a native of Afghanistan. He entered the United

States on August 4, 1988 and was granted asylum on October 1, 1991. A year later, in

October 1992, the former Immigration and Naturalization Service ("INS") adjusted his

status to lawful permanent residence retroactively to October 1, 1991.

On September 22, 1993, Mr. Maiwand was convicted of a criminal sale of a

controlled substance in the second degree. He served eighteen months in prison.

In October 1994, the INS charged petitioner with being deportable as an alien

convicted of an aggravated felony and an offense relating to a controlled substance. On

July 22, 2002, an immigration judge in New York ordered Mr. Maiwand deported,

denying on the merits his claim for discretionary relief from deportation under former

section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c)

-3-

construing the statute to mandate the transfer of pending habeas petitions in which an

order to show cause has already been issued would violate the Suspension Clause of the

United States Constitution.

Petitioner's arguments are not persuasive.  Respondents' motion to transfer this

pending case to the Court of Appeals for the Second Circuit is granted.  This action is

taken with regret since it represents the beginning of a large shift of *nisi prius* matters to

the already overburdened courts of appeals.  That the change will enhance the goal of the

federal courts and Congress expressed in Rule 1 of the Federal Rules of Civil Procedure,

"to serve the just, speedy, and inexpensive determination of every action," is doubtful.

That it represents a congressional program is not.

II.     *Facts and Procedural History*

Mr. Maiwand is a citizen and a native of Afghanistan.  He entered the United

States on August 4, 1988 and was granted asylum on October 1, 1991.  A year later, in

October 1992, the former Immigration and Naturalization Service ("INS") adjusted his

status to lawful permanent residence retroactively to October 1, 1991.

On September 22, 1993, Mr. Maiwand was convicted of a criminal sale of a

controlled substance in the second degree. He served eighteen months in prison.

In October 1994, the INS charged petitioner with being deportable as an alien

convicted of an aggravated felony and an offense relating to a controlled substance.  On

July 22, 2002, an immigration judge in New York ordered Mr. Maiwand deported,

denying on the merits his claim for discretionary relief from deportation under former

section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c)

-3-

(1994), *repealed by* Illegal Immigration Reform and Immigrant Responsibility Act of
1996 ("IIRIRA"), § 304(b), 110 Stat. 3009, 3597, and his claim under the Convention
Against Torture and Other Cruel, Inhuman, or Degrading Punishment, Dec. 10, 1984,
1465 U.N.T.S. 85, S. Treaty Doc. No. 100-20 (1988). (Pet. Ex. C).

Mr. Maiwand appealed the decision of the immigration judge to the Bureau of
Immigration Appeals ("BIA"). He also moved to terminate deportation proceedings on
the ground that the Department of Homeland Security ("DHS") had failed to terminate
his refugee status before initiating deportation procedures. On January 29, 2004, the BIA
dismissed Mr. Maiwand's appeal and denied his motion to terminate deportation
proceedings. (Pet. Ex. D).

On July 27, 2004, Mr. Maiwand filed a petition for a writ of habeas corpus in this
court challenging the BIA decision. This court issued an order to show cause and granted
a stay of deportation.

Petitioner is not presently detained. His counsel conceded this fact on oral
argument.

Respondents have now moved to transfer the case to the United States Court of
Appeals for the Second Circuit pursuant to section 106(c) of the REAL ID Act of 2005.
The petitioner objects.

III.    *Law*

    A.    *Jurisdiction*

Courts have jurisdiction to determine whether jurisdiction is proper. *See, e.g.,*
*Gelman v. Ashcroft*, 298 F.3d 150, 151 (2d Cir. 2002) (retaining jurisdiction to determine

-4-

whether a jurisdictional bar under INA applied); *Kuhali v. Reno*, 266 F.3d 93, 100 (2d

Cir. 2001) (retaining jurisdiction to determine whether INA provision stripped it of

jurisdiction).

      B.    *REAL ID Act*

          1.    *Jurisdictional Bar of Habeas Review of Orders of Removal and*

               *Transfer*

The REAL ID Act, enacted on May 11, 2005, eliminates district court habeas

corpus jurisdiction over orders of removal. Section 106(a)(1) limits judicial review of

orders of removal exclusively to courts of appeals:

> Notwithstanding any other provision of law (statutory or non-statutory),
> including section 2241 of title 28, United States Code, or any other habeas
> corpus provision, and sections 1361 and 1651 of such title, a petition for
> review filed with an appropriate court of appeals in accordance with this
> section shall be the sole and exclusive means for judicial review of an
> order of removal entered or issued under any provision of this Act, except
> as provided in subsection (e).

REAL ID Act, sec. 106(a)(1), 119 Stat. at 310 (to be codified as amended at 8 U.S.C. §

1252(a)(2)(5)).

The Act inserts specific references to habeas corpus jurisdiction, among other

places, in paragraphs (B) and (C) of § 1252 (a)(2), which withdraw jurisdiction over

denials of discretionary relief and orders against certain criminal aliens, respectively. *Id.*

sec. 106(a)(1), 119 Stat. at 310 (to be codified as amended at 8 U.S.C. §

1252(a)(2)(B)–(C)). The Act also includes a savings clause, which provides that

limitations on judicial review shall not be construed "as precluding review of

constitutional claims or questions of law raised upon a petition for review filed with an

appropriate court of appeals." *Id.* sec. 106(a)(1), 119 Stat. at 310 (to be codified as

amended at 8 U.S.C. § 1252(a)(2)(D)).

The Act provides that amendments "take effect upon the date of the enactment . . .

and shall apply to cases in which the final administrative order of removal, deportation,

or exclusion was issued before, on, or after the date of enactment . . ." *Id.* sec. 106(b),

119 Stat. at 311. Regarding pending habeas petitions, section 106(c) reads:

> If an alien's case, brought under section 2241 of title 28, United States
> Code, and challenging a final administrative order of removal,
> deportation, or exclusion, is pending in a district court on the date of the
> enactment of this division, then the district court shall transfer the case (or
> the part of the case that challenges the order of removal, deportation, or
> exclusion) to the court of appeals for the circuit in which a petition for
> review could have been properly filed  under section 242(b)(2) of the
> Immigration and Nationality Act (8 U.S.C. 1252), as amended by this
> section . . . .  The court of appeals shall treat the transferred case as if it
> had been filed pursuant to a petition for review under such section 242,
> except that [the thirty day filing deadline] shall not apply.

*Id.* sec. 106(c), 119 Stat. at 311. The REAL ID Act does not define the term "pending"

as used in section 106(c).

2.    *Application of Jurisdictional Bar to Habeas Review of Other*

*Claims*

The limits on district court federal habeas corpus jurisdiction introduced by the

REAL ID Act apply only to challenges of orders of removal. *See id.* sec. 106(a)(1), 119

Stat. at 310 (a petition for review shall be the "sole and exclusive means for judicial

review of *an order of removal*") (emphasis added).  Section 106(c) excepts from transfer

those parts of the case that do not challenge an order of removal. *Id.* sec. 106(c), 119

Stat. at 311 ("[T]he district court shall transfer the case (or part of the case that

challenges the order of removal, deportation, or exclusion) . . . .").  Legislative history

confirms that the REAL ID Act does not divest district courts of habeas review over

-6-

other claims: "[S]ection 106 will not preclude habeas review over challenges to detention that are independent of challenges to removal orders.  Instead, the bill would eliminate habeas review only over challenges to removal orders."  H.R. Rep. No. 109-72 (2005), *reprinted in* 2005 U.S.C.C.A.N. 240, 301 (Conf. Rep.).

District courts retain jurisdiction over matters independent of removal challenges. *See, e.g., Singh v. Chertoff*, 2005 WL 2043044, at *3 (N.D. Cal. Aug. 24, 2005) (holding that termination of petitioner's asylum status falls outside the scope of the jurisdictional bar of the REAL ID Act); *Harrison v. Hogan*, 2005 WL 2020711 (M.D. Pa. July 18, 2005) (retaining jurisdiction over petitioner's habeas challenge of detention); *Kanteh v. Ridge*, 2005 WL 1719217, at *1 (D. Minn. June 30, 2005) (transferring the part of petitioner's case that sought review of removal order to the court of appeals, but retaining jurisdiction over petitioner's challenge of his continued detention).

### C.    *Suspension Clause*

#### 1.    *Repeal of Habeas Jurisdiction*

The Suspension Clause of the United States Constitution provides: "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."  U.S. Const. Art. I, § 9, cl. 2. Congress may withdraw habeas corpus jurisdiction from federal district courts without violating the Suspension Clause if it "provide[s] an adequate substitute through the courts of appeals."  *INS v. St. Cyr*, 533 U.S. 289, 314 n.38 (2001) (citing *Swain v. Pressley*, 430 U.S. 372, 381 (1977)).

If a particular reading of a statutory provision would raise serious constitutional

-7-

issues, courts should avoid the constitutional issue when an alternative interpretation is "fairly possible." *St.Cyr,* 533 U.S. at 299-300 (citing *Crowell v. Benson,* 285 U.S. 22, 62 (1936)); *see also Swain,* 430 U.S. at 378 n.11. Repeal of habeas jurisdiction may not be implied from statutory text and legislative history. Congress must instead articulate "specific and unambiguous statutory directives." *St. Cyr,* 533 U.S. at 299 (citing *Ex Parte Yerger,* 8 Wall. 85, 105 (1869)); *see also Calcano-Martinez v. INS,* 232 F.3d 328, 338 (2d Cir. 2000), *aff'd,* 533 U.S. 348 (2001) (holding that habeas jurisdiction survives the permanent rules of IIRIRA in the absence of sufficiently clear statement of congressional intent); *Jean-Baptiste v. Reno,* 144 F.3d 212, 219 (2d Cir. 1998), *reh'g denied,* 175 F.3d 226 (2d Cir. 1998) (holding that the transitional rules of IIRIRA do not repeal habeas jurisdiction "in the absence of language affirmatively and clearly eliminating habeas review"). If Congress adopts a provision with a clear meaning, then the language used is operative, even if it "makes marked deviations from custom or leads inevitably to a holding of constitutional invalidity." *Swain,* 430 U.S. at 378 n.11 (quoting *United States v. Sullivan,* 332 U.S. 689, 693 (1948)).

Although the Suspension Clause may require "some judicial intervention in deportation cases," *St. Cyr,* 533 U.S. at 300 (quoting *Heikilla v. Barber,* 345 U.S. 229, 235 (1953)), the Supreme Court has refused to define Congress's ultimate power to limit habeas review of orders of removal without violating the Suspension Clause. *Id.* at 301 n.13. Nevertheless, the Court has suggested in dicta that repealing habeas jurisdiction would raise a serious Suspension Clause issue if it would preclude judicial review of a question of law such as statutory eligibility for discretionary relief from deportation. *Id.* at 300. Similarly, the Court of Appeals for the Second Circuit has indicated that a partial

-8-

repeal of habeas jurisdiction that would allow review of constitutional claims and

jurisdictional facts, but not of statutory challenges might violate the Suspension Clause.

*Calcano-Martinez,* 232 F.3d at 341-42 (noting that the language of 28 U.S.C. § 2241

extends to persons in custody "in violation of the Constitution or laws or treaties of the

United States," and therefore encompasses statutory challenges); *see also Henderson v.*

*INS,* 157 F.3d 106, 121-22 (2d Cir. 1998) (holding that the Constitution mandates habeas

corpus review of some statutory claims affecting substantial rights of aliens).

There is a reluctance to address Suspension Clause issues if a habeas petitioner

has an equivalent opportunity to be heard on the merits in a judicial forum.  For example,

in *Swain,* the Court held that collateral relief available in state court for testing the

legality of a person's detention was not an ineffective or inadequate substitute for federal

habeas review merely because state judges do not have Article III life tenure and salary

protection.  *Swain,* 430 U.S. at 381-83.  Procedural hurdles do not generally raise a

Suspension Clause issue, unless they create an "unreasonable burden on petitioners."

*Rodriguez v. Artuz,* 990 F. Supp. 275, 282 (S.D.N.Y. 1998), *aff'd* 161 F.3d 763, 764 (2d

Cir. 1998) (per curiam); *see also Lucidore v. N.Y. State Div. of Parole,* 209 F.3d 107, 113

(2d Cir. 2000), *cert. denied,* 531 U.S. 873 (2000) (holding that one-year limitations

period for filing habeas petition under the Antiterrorism and Effective Death Penalty Act

("AEDPA") does not *per se* violate the Suspension Clause so long as it leaves petitioners

with an opportunity to be heard on the merits).  The Court of Appeals for the Second

Circuit has held that no Suspension Clause issue arises from treating a petitioner's habeas

petition as "second or successive" under the Antiterrorism and Effective Death Penalty

Act ("AEDPA") where his first petition was properly denied as time barred, because

-9-

petitioner had had an opportunity to be heard on the merits. *Villanueva v. United* States, 346 F.3d 55, 62 (2d Cir. 2003), *cert. denied,* 124 S. Ct. 2895 (2004); *see also Warren v. Garvin,* 219 F.3d 111, 113 n.2 (2d Cir. 2000), *cert. denied,* 531 U.S. 968 (2000) (the dismissal of a habeas petition as untimely pursuant to AEDPA did not raise a Suspension Clause issue because petitioner had years to file the petition and did not explain satisfactorily why he was unable to file on time).

A Suspension Clause issue may arise if a procedural bar creates an unreasonable burden on petitioner by effectively precluding review on the merits. *Muniz v. United States*, 236 F.3d 122, 128-29 (2d Cir. 2001). In *Muniz,* the Court of Appeals for the Second Circuit held that, to avoid a serious Suspension Clause issue, a subsequently filed petition should not be deemed "second or successive" under AEDPA, where petitioner's first petition was erroneously dismissed as time barred. *Id.* at 129. In *James v. Walsh,* the Court of Appeals refused to treat as successive a habeas petition which sought to raise a claim that matured after the filing of petitioner's first habeas petition, since that would constitute "a complete denial of any collateral review," and therefore might implicate the Suspension Clause. *James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002). "[S]trict impossibility of filing a claim [does not exhaust the] subset of cases where a procedural bar creates an unreasonable burden," since the one-year limitations period might itself be applied in a manner that would render habeas ineffective and inadequate. *Muniz*, 236 F.3d at 128-29 (quoting *Rodriguez,* 990 F. Supp. at 282-83).

2.    *Retroactive Effect*

Congress has the power to enact laws with retroactive effect within the limits of the Constitution. *St. Cyr*, 533 U.S. at 316 (citing *Landgraf v. USI Film Products*, 511

-10-

U.S. 244, 268 (1994)). In *St. Cyr*, the Supreme Court approved a two-prong standard for

finding that a statute applies retroactively, highlighting the risk that retroactive legislation

might serve as a means of retribution against unpopular groups, including aliens. *Id.* at

315-16; *see also City of New York v. Beretta U.S.A. Corp.*, 228 F.R.D. 134, 142

(E.D.N.Y. 2005) ("The Legislature's unmatched powers allow it to sweep away settled

expectations suddenly and without individualized consideration. Its responsivity to

political pressures poses a risk that it may be tempted to use retroactive legislation as a

means of retribution against unpopular groups or individuals."). First, did Congress

direct retroactive effect with "requisite clarity"? *St. Cyr*, 533 U.S. at 316 (citing *Martin

v. Hadix*, 527 U.S. 343, 352 (1999)); *see also Henderson*, 157 F.3d at 129; *Beretta*, 228

F.R.D. at 144. Second, did the new provision impair vested rights or attach a new

disability with respect to past transactions, thus violating familiar considerations of fair

notice and reasonable reliance? *St. Cyr*, 533 U.S. at 320-22 (citing *Martin*, 527 U.S. at

358). In *St. Cyr*, Congress had not unmistakably considered whether to apply the repeal

of discretionary relief from deportation retroactively, *id.* at 326, and the elimination of

such relief with respect to aliens who had pled guilty or *nolo contendere* to certain

criminal offenses would have had "severe retroactive effect." *Id.* at 325. The Court

concluded that discretionary relief from deportation remained available to a limited group

of aliens who would have been unfairly affected by retroactivity. *Id.* at 326.

IV.    *Application of the Law to the Facts*

    A.    *Jurisdiction*

    The court has jurisdiction to determine whether the jurisdictional bar and section

106(c) of the REAL ID Act deprive it of jurisdiction.

B.    *REAL ID Act*

1.    *Jurisdictional Bar of Habeas Review of Orders of Removal and Transfer*

Petitioner's first contention is that his petition for habeas corpus is not "pending" within the meaning of section 106(c) of the REAL ID Act. He proffers three maxims of statutory construction in support of this interpretation.

First, petitioner contends that, since Congress is presumed to know existing habeas procedures, those procedures should form the backdrop for interpreting the words of the statute. In existing habeas practice, the argument goes, "the application remains pending only until the district court either dismisses the petition outright, or issues an order to show cause." (Petr.'s Mem. Opp'n Transfer 7). This construction would limit the word "pending" in section 106(c) of the REAL ID Act to those habeas petitions that had been filed before the effective date of the Act, but in which no dismissal or order to show cause had already been issued.

By contrast, respondents convincingly contend that a petitioner's habeas petition is pending within the meaning of section 106(c) when there has been no determination on the merits. That is the usual meaning in federal courts.

An order to show cause does not end the pendency of a habeas petition. It does not decide the merits, but merely directs "the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Since the government must justify its custody of the petitioner, the issuance of the order to show cause does not end the habeas

-12-

case; it merely provides for a hearing on the pending issues.

This construction accords with the use of the word "pending" for purposes of tolling the limitations period under section 2244 of Title 28 of the United States Code. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (state petition for collateral review is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) during the interval between a lower court's judgment and the timely filing of appeal, even if the petition is not under court consideration during that time; an application remains "pending" until completion of the collateral review process— i.e., until it has achieved final resolution); *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005).

No case has been found by the court in which a district court has refused to transfer a habeas petition after issuing an order to show cause. *See, e.g., Fordjour v. Ashcroft*, 2005 WL 2000857 (E.D. Cal. Aug. 17, 2005) (transferring habeas petition to the court of appeals after granting a stay of deportation and issuing an order to show cause); *Enwonwu v. Chertoff*, 376 F. Supp.2d 42, 57, 85 (D. Mass. 2005) (transferring a habeas petition pursuant to section 106(c) after it granted petitioner's motion for stay of deportation and held an evidentiary hearing).

The cases petitioner relies on for his narrow construction of the term "pending" are inapposite. They do not demonstrate that in habeas practice the term is limited to cases in which an order to show cause has not yet been issued. In *Woodford v. Garceau*, 538 U.S. 202 (2003), for example, the Supreme Court considered when a habeas petition becomes pending, but not when pendency ends. Petitioner had sought to avoid application of AEDPA by contending that he had a pending habeas application when AEDPA was enacted, since he had already made a motion for appointment of counsel, an

-13-

application for stay of execution and a specification of non-frivolous issues. *Id.* 204-05.

The Court held that application of AEDPA turned on whether petitioner had an

application seeking decision on the merits before the effective date, and concluded that

petitioner's other motions and applications were not sufficient to render his application

"pending." *Id.* at 207. *Woodford* does not support petitioner's construction of the term

"pending."

Petitioner's reliance on *Ledesma-Valdes v. Sava,* 604 F. Supp. 675 (S.D.N.Y.

1985), is also misplaced. In *Ledesma-Valdes,* the court considered whether it had

jurisdiction over a habeas action brought by detainees who were being transferred outside

the judicial district at the time of filing. *Id.* at 679. Rejecting the government's argument

that the habeas petition should be adjudicated in the district of petitioners' detention, the

court held that the proper inquiry was whether the government had custody over the

detainees when the order to show cause was issued, and concluded that jurisdiction was

proper since the government had custody at the relevant time. *Id.* The issue in *Ledesma-*

*Valdes* was whether petitioners' transfer defeats jurisdiction, and not whether the

issuance of an order to show cause ends the pendency of a habeas petition.

Petitioner's second and third arguments in support of his narrow construction of

the term "pending" are similarly unavailing. In line with the principle that a statute

should be read in a way that avoids absurd results, petitioner contends that construing the

term "pending" narrowly to exclude habeas petitions in which an order to show cause has

been issued avoids the absurd result of transferring a matter to an overburdened appellate

docket with no prior connection to petitioner's claim. Petitioner points to the court's

observations in *Enwonwu v. Chertoff* that the costs of implementing section 106(c) are

-14-

enormous in light of the fact that about 1,000 cases will have to start anew in courts of appeals. *Enwonwu*, 376 F. Supp.2d at 84.  Concern over cost and delay is not a sufficient basis for a court to override Congress' explicit mandate and intent that courts of appeals have exclusive jurisdiction over challenges of removal orders.  *Cf. Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1940) (an interpretation of a statute which would produce absurd results should be avoided if alternative interpretations *consistent with legislative purpose* are available) (emphasis added).  While this change will be burdensome and perhaps delaying, courts of appeals will undoubtedly rise to the challenge and will not in effect deny petitions by delaying them indefinitely.

Finally, petitioner argues that any ambiguities in the meaning of the word "pending" should be resolved in his favor, in accordance with the rule of lenity.  *See, e.g., St. Cyr*, 533 U.S. at 320 (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987)) (recognizing the "longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien"); *Janvier v. United States*, 793 F.2d 449, 455 (2d Cir. 1986) ("To the extent that there is any doubt as to Congress's intention, we resolve that doubt in favor of construing [the statutory provision] as providing the alien with as much protection as possible.").  This argument is rejected because, first, the statute is not ambiguous, and, second, assuming arguendo that it were, transferring petitioner's habeas case to the Court of Appeals for the Second Circuit does not result in less protection for petitioner.  There is no reason to believe the federal courts of appeals will be less protective of the rights of parties in deportation proceedings than would be the district courts.

In sum, section 106(c) of the REAL ID Act applies to petitioner's habeas petition

-15-

challenging his order of removal, even though an order to show cause had already been issued prior to the effective date of the Act.

        2.     *Application of Jurisdictional Bar to Habeas Review of Other Claims*

Petitioner has not argued that the portion of his habeas petition which challenges BIA's dismissal of his motion to terminate deportation proceedings because of DHS's failure to terminate his asylum status is outside the scope of the jurisdictional bar of the REAL ID Act. That issue is not before this court. Nor, since petitioner is not in detention, is the issue of detention.

      C.    *Suspension Clause*

        1.     *Repeal of Habeas Jurisdiction*

Petitioner contends that the construction of the term "pending" in section 106(c) of the REAL ID Act to include habeas cases in which an order to show cause has already been issued would constitute an unconstitutional suspension of the writ of habeas corpus. Therefore, he urges the court to adopt a narrower reading of the term "pending" so as to avoid the constitutional problem. This argument is without merit.

A petition for review filed with the appropriate court of appeals provides an adequate forum for testing the legality of removal orders. *See St. Cyr,* 533 U.S. at 314 n.38. Once petitioner's habeas case is transferred to the Court of Appeals for the Second Circuit, that court is authorized to treat it as a petition for review. *See* REAL ID Act, sec.106(c), 119 Stat. at 311. The REAL ID Act has a saving clause, which provides that limitations on judicial review shall not preclude review of constitutional claims or questions of law raised upon a petition for review. REAL ID Act, sec. 106(a)(1)

-16-

(creating a new 8 U.S.C. § 1252(a)(2)(D)). Petitioner would not be precluded from obtaining a judicial review of his claims in the Court of Appeals for the Second Circuit as broad as that available in the district court.

Petitioner suggests that the thirty-day deadline for filing petitions for review would render the petition for review procedure an inadequate substitute for habeas review. *Cf. James*, 308 F.3d at 168; *Muniz*, 236 F.3d at 128-29; *Lucidore*, 209 F.3d at 113. Since section 106(c) provides that the thirty-day deadline does not apply in transferred habeas cases, there is no need to now pass upon the validity of this requirement. *See, e.g., Lucidore*, 209 F.3d at 113 (courts may not pass upon the validity of a federal statute "at the instance of one who fails to show that he is injured by the statute's operation").

Petitioner also contends that petitions for review would be an inadequate remedy for claims of ineffective assistance of counsel, because aliens would not be able to proffer evidence at an evidentiary hearing, which may be available in the context of district court habeas review. *See Wahab v. U.S. Attorney General*, 373 F. Supp.2d 524, 525 (E.D. Pa. 2005). There is no need to pass upon this question since petitioner does not suggest how he will be injured in this respect if his case is transferred to the Court of Appeals for the Second Circuit.

### 2. *Retroactive Effect*

According to petitioner, the government's construction that the REAL ID Act retroactively suspends habeas jurisdiction over pending cases, including those in which an order to show cause has been issued, conflicts with fundamental values against retroactive legislation, especially because it targets aliens as a disfavored minority.

-17-

Applying the two-step retroactivity analysis of *St. Cyr,* 533 U.S. at 316, 320, the statute

does not have an impermissible retroactive effect. First, Congress has expressed with the

requisite clarity its design that the jurisdictional provisions of the REAL ID Act apply

retroactively. *See* REAL ID Act, sec. 106(b), 119 Stat. at 311 (providing that

amendments shall apply to cases in which the administrative order of removal,

deportation, and exclusion, was issued before, on, or after the date of enactment).

Second, the retroactive transfer of petitioner's habeas case to the Court of Appeals for the

Second Circuit will not create a new disability for petitioner; he will have a fair

opportunity to have his claims heard before that court.

V.      *Conclusion*

        Petitioner's habeas petition is respectfully transferred to the Court of Appeals for

the Second Circuit as a petition for review pursuant to section 106(c) of the REAL ID

Act.


                                        $0 ORDERED.

                                        _____
                                        Jack B. Weinstein

Dated: September 26, 2005
       Brooklyn, New York


                                        -18-